UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY AND KATHRYN JONES,
        Plaintiffs,        :

        v.

CENTRAL CREDIT SERVICES INC.      :    Civil Action No.:
MONTEL JONES                           :
                                           :
        Defendants.              :

## COMPLAINT

**A.** **Jurisdiction and Venue**

1. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.** **Parties**

3. Plaintiff Jeffrey and Kathryn Jones are natural persons, married who reside at 720 Henry Avenue, Warminster, PA 18974.

4. Defendant CENTRAL CREDIT SERVICES, INC. is a corporation with an agent for service of civil process being Corporation Service Company in Harrisburg, PA. Defendant regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5.	Defendant Montel Jones is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all times, Jones acted intentionally in accordance with the training and supervision of Defendant Central Credit.

C.	**Factual Allegations**

**The Debt**

6.	The disputed debt in question is with reference to a HSBC credit card account [hereinafter "the debt"].

7.	On or about late May/early June, 2008, defendant Jones left a phone message for plaintiffs on their home phone with a claim# and requested that they call him back at a phone number he provided.

8.	Proceeding the above noted phone call on or about early June, 2008, defendant Jones called plaintiffs' neighbor, Dorothy McCarty, advising her that he was attempting to call Plaintiffs concerning claim # 3933161-PA but that he was experiencing a problem with the plaintiffs' phone line and therefore asked her to give plaintiffs a message to call him at a provided phone number regarding an "important" matter.

9.	On or about early June, 2008, defendant Jones called another of plaintiffs' neighbors, Lynn Miller, asking that she give plaintiffs a message to call him as described in Exhibit "A" attached hereto.

10.	Plaintiffs have suffered emotional distress and anxiety as a result of defendants' conduct.

**D.**     **Cause of Action**

### COUNT I – Violations of the FDCPA

11.     All allegations above are re-alleged and incorporated herein by reference.

12.     At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

13.     Defendants, by their conduct as described above, violated the FDCPA as follows:

   a)  §1692 b(1), Contacted third parties and failed to state that collector is confirming or correcting location information;

   b)  §1692c(b), Contacted third parties other than consumer, consumer's attorney, or credit bureau concerning the debt;

   c)  §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person insofar as defendants effectively left a message with plaintiffs already but attempted to intimidate and embarrass plaintiffs by contacting their neighbors.

### COUNT II - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

14.     The allegations above are re-alleged and incorporated herein by reference.

15.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs by involving a family member in notice of and collection of a debt who was unrelated to said debt.

16.     Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

17. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' respective solitude, seclusion, and or private concerns or affairs.

18. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

19. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA.

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Actual damages for violations of the FDCPA;

D. Actual damages for invasion of privacy;

E. Reasonable attorney fees and costs.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>September 9, 2008</u>

RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200